# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re: Mast Trucking, Inc.,

                                                Case No. 26-20176-11

      Debtor.

---

## U.S. Trustee's Objection to Debtor's Combined Cash Collateral and Payroll Motion

---

The U.S. Trustee objects to the combined cash collateral and payroll motion[1] because it:

- Seeks to assume an executory contract within the first 21 days of the case and without sufficient support;
- Disguises certain vendors as priority wage claimants;
- Contains confusing adequate protection items;
- Doesn't clearly provide for full payment of quarterly fees; and
- Doesn't provide money for any professional fees for any creditors' committee.

## Background

On February 10, 2026, Mast Trucking, Inc. filed a voluntary Chapter 11 bankruptcy case.[2] Complete schedules and statements have

---

[1] Doc. #10.

[2] Doc. #1.

1

not yet been filed and are due by February 24.[3] On February 12, Mast Trucking filed its combined motion. The U.S. Trustee hereby objects to the motion for the reasons stated below.

## Argument

*Mast Trucking's Request to Assume the Contract with CFI is Unsupported and Premature*

The proposed order provides for the assumption of an executory contract with CFI for the continued factoring of Mast Trucking's receivables. Article 27 of the contract provides that Mast Trucking is responsible for CFI's attorneys' fees and expenses in a bankruptcy case. Article 29 of the contract states that it is not assumable in bankruptcy.[4] Yet the motion does not address the contract at all. And CFI is not even listed on Mast Trucking's matrix of creditors or on the certificate of service for this motion.[5]

Furthermore, Fed.R.Bankr.P. 6003(a) generally prohibits the entry of an order to assume an executory contract within the first 21

---

[3] Doc. #13.
[4] Doc. #10-2 at 6.
[5] Doc. #21.

2

days of the case. The Court should deny the requested relief at this time because Mast Trucking has not established that it is appropriate.

*The Payroll Motion May Be Conflated with a Critical Vendor Motion*

Mast Trucking appears to pay its employees on a weekly basis with the pay weeks ending on Saturday and paychecks being issued on the following Friday. Mast Trucking attached a payroll report listing approximately 36 employees who are owed a total of $71,881.03 in wages for the week beginning February 1, 2026.[6] This payroll report is haphazardly shuffled in with a confusing series of disoriented papers and photographs entitled "lease payroll."

Taken together, the payroll portion of the motion seeks authority to make payments to such entities as "Spanky Cattle," "Hammertime Trucking." and "S&M Trucking." And the proposed order would specifically authorize payment to "Pilot/Flying J, Love's and WEX EFS Fuel Cards." Clearly, not all the proposed payees are employees of Mast Trucking. Rather, some of these payees appear to be contract owner operators that may not be entitled to priority treatment of their claims

---

[6] Doc. #10-3.

3

under §507(a)(4). Other payees appear to be vendors and unsecured creditors of Mast Trucking.

Mast Trucking should clearly identify which of the proposed payees are employees with pre-petition, priority wage claims. To the extent that Mast Trucking believes that certain vendors are critical and must have their claims paid now, Mast Trucking should bring an appropriate motion seeking such relief rather than lumping the vendors in with ordinary payroll.

*The Proposed Adequate Protection is Confusing*

The motion identifies the SBA as having a first-priority lien in cash collateral and proposes to provide the SBA with replacement liens as adequate protection. The motion does not offer adequate protection to any other secured creditors. However, the budget proposes weekly adequate protection payments of $2,500 to the SBA and $15,000 to $30,000 of weekly adequate protection payments for "vehicles and / or tax liabilities." Mast Trucking should identify the proposed payees of these adequate protection payments and the amount to be paid to each.

4

*The Budget Doesn't Provide for Full Payment of Quarterly Fees.*

Except for chapter 11 debtors that file under subchapter V, chapter 11 debtors must pay fees to the U.S. Trustee based on the debtors' disbursements during each calendar quarter they remain in bankruptcy.[7] Though the budget here appears to provide something for U.S. Trustee fees, the amount payable should not be limited to the amount provided for in the budget. Thus, unless Mast Trucking amends the budget to provide for full payment of quarterly fees, the Court should deny the cash-collateral motion.

*The Budget Doesn't Include Professional Fees for a Creditors' Committee.*

In non-small business chapter 11 cases, like this one, the Bankruptcy Code requires the U.S. Trustee to appoint an unsecured creditors' committee.[8] And with court permission, creditors' committees may employ professionals to advise the committee.[9] What is more, the chapter 11 debtor must pay the court-approved fees of the committee's

---

[7] *See* 28 U.S.C. § 1930(a)(6).

[8] 11 U.S.C. § 1102(a)(1).

[9] 11 U.S.C. § 1103(a).

5

professionals.[10] The U.S. Trustee has solicited unsecured creditors asking if they want to serve on the committee. If the U.S. Trustee receives sufficient responses, then it will appoint a committee. Nevertheless, the budget here doesn't provide any money to pay professional fees for the possible committee. Thus, unless Mast Trucking amends the budget to provide for professional fees for the committee, the Court should deny the motion.

## Conclusion

For all the above reasons, the U.S. Trustee requests that the Court deny the motion.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: */s/ John Nemecek*
John Nemecek
Trial Attorney
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 N. Main St., Suite 1150
Wichita, KS 67202
202-557-5810
John.Nemecek@usdoj.gov

---

[10] 11 U.S.C. §§ 330(a)(1) and 503(b)(2).

## CERTIFICATE OF SERVICE

I certify that on February 18, 2026, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: s/John W. Nemecek