# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re: Mast Trucking, Inc.,

                                           Case No. 26-20176-11

      Debtor.

---

## U.S. Trustee's Objection to Debtor's Critical Vendor Motion

---

The U.S. Trustee objects to the critical vendor motion[1] because:

- The motion is missing essential information; and
- Mast Trucking has not met its burden.

## Background

On February 10, 2026, Mast Trucking, Inc. filed a voluntary Chapter 11 bankruptcy case.[2] Complete schedules and statements have not yet been filed and are due by February 24.[3] On February 22, Mast Trucking filed its critical vendor motion.

## Argument

*The Motion is Missing Essential Information*

The motion seeks authority to pay eight contract drivers and two fuel cards as critical vendors. However, the motion does not articulate

---

[1] Doc. #33.
[2] Doc. #1.
[3] Doc. #13.

1

how much money is owed to each creditor and for what period. Furthermore, it does not appear that Mast Trucking has the funds available to make the requested payments. Mast Trucking should address these issues prior to the entry of any order.

*Mast Trucking Has Not Carried Its Burden*

The United States Supreme Court has recognized that some courts have approved "critical vendor" orders—even though that departs from the usual priority rules—when those courts have found that such distributions "enable a successful reorganization and make even the disfavored creditors better off."[4] But as the court in *In re Kmart Corp.* noted, § 105(a) cannot support such an order as it confers power to implement the Code, not to override it.[5] "Every circuit that has considered the question has held that this statute does not allow a bankruptcy judge to authorize full payment of any unsecured debt, unless all unsecured creditors in the class are paid in full."[6]

---

[4] *Czyzewski v. Jevic Holding Corp.*, 137 S.Ct. 973, 985 (2017), *quoting In re Kmart Corp.*, 359 F.3d 866, 872 (7th Cir. 2004).
[5] 359 F.3d at 871.
[6] *Id.*

Instead, the court there allowed that the "critical vendor" doctrine may be supportable in certain limited cases by § 363(b)(1).[7] But the debtor is required to prove—not simply allege—that (1) the vendors are in fact critical, (2) the critical vendors will cease deliveries if the old debts are left unpaid, and (3) the disfavored creditors will be at least as well off as they would be if the motion were denied.[8]

Here, Mast Trucking's request does not satisfy these elements. First, Mast Trucking does not explain how the vendors are critical to its continued operation. Mast Trucking does not demonstrate that it cannot obtain these goods or services from other vendors on equally advantageous terms or on pay-as-you-go terms.

Second, there is insufficient evidence that the vendors would cease doing business with Mast Trucking if these pre-petition amounts are not paid immediately. "If vendors will deliver against a promise of current payment, then a reorganization can be achieved, and all unsecured creditors will obtain its benefit, without preferring any of the unsecured creditors."[9] Mast Trucking simply offers no explanation for

---

[7] *Id.* at 872-74.
[8] *Id.*

[9] 359 F.3d at 873.

why it should have the option to pay these charges now, ahead of other unsecured creditors.

Third, there is no information presented for the Court to consider if payment of the pre-petition amount would benefit the disfavored creditors by permitting Mast Trucking to be more successful and thus likely increase the payments to those disfavored creditors. Considering the payout in a case with few assets, this would need to greatly increase Mast Trucking's business to bring any benefit to disfavored creditors. That is a serious risk, particularly when Mast Trucking hasn't established that its continued operations hinge on continued transactions with the favored creditor—or that the payments are truly necessary. Considering that Mast Trucking reported assets of $1–10 million and liabilities of $1–10 million, there appears to be a substantial risk of a plan that pays less than 100% to unsecured creditors. Therefore, under the motion, the preferred creditors would get paid in full while many others may receive substantially less or nothing.

So far, Mast Trucking has offered only vague or unsupported contentions that the pre-petition creditors should be treated as critical vendors and paid early, and it appears to be for convenience rather than

4

the best interest of the estate and other creditors. That is not enough to support such a finding.

Indeed, Mast Trucking could simply assume the executory contracts for each of these creditors. And Fed.R.Bankr.P. 6003(a) generally allows the Court to authorize the assumption of executory contract after the first 21 days of the case—here, March 2. Mast Trucking should explain why this remedy is insufficient.

## Conclusion

For all the above reasons, the U.S. Trustee requests that the Court deny the motion.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: /s/ John Nemecek
John Nemecek
Trial Attorney
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 N. Main St., Suite 1150
Wichita, KS 67202
202-557-5810
John.Nemecek@usdoj.gov

5

## CERTIFICATE OF SERVICE

I certify that on February 23, 2026, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: s/John W. Nemecek

6