# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: Mast Trucking, Inc.,

Case No. 26-20176-11

Debtor.

---

## U.S. Trustee's Objection to Debtor's Financing Motion

---

The U.S. Trustee objects to the debtor's financing motion[1] for the reasons stated below.

## Background

On December 18, 2024, Mast Trucking entered into an agreement with Commercial Funding, Inc. for the sale of its receivables.[2] On February 10, 2026, Mast Trucking, Inc. filed a voluntary Chapter 11 bankruptcy case.[3] Complete schedules and statements have not yet been filed and are due today.[4] On February 23, Mast Trucking filed its financing motion. The motion alleges that Mast Trucking is unable to pay essential business expenses such as fuel and payroll without entering into a post-petition factoring agreement with CFI. Mast

---

[1] Doc. #42.
[2] Doc. #10-2.
[3] Doc. #1.
[4] Doc. #13.

Trucking attached a February 17, 2026 letter of intent with CFI as an exhibit to the motion. This morning, Mast Trucking filed a proposed order as an exhibit to the motion.[5]

## Argument

*General Principles of First Day Motions*

Although this motion was filed almost two weeks after the petition date and almost one week after the execution of the letter of intent, this motion was filed and is being heard on an emergency basis as a "first day motion" with less than 24 hours of notice to creditors. Four principles for Courts to consider regarding first day motions are:

> First, the requested relief should be limited to that which is minimally necessary to maintain the existence of the debtor, until such time as the debtor can affect appropriate notice to creditors and parties in interest. In particular, a first day order should avoid substantive rulings that irrevocably determine the rights of parties.
>
> Second, first day orders must maintain a level of clarity and simplicity sufficient to allow reasonable confidence that an order will affect no unanticipated or untoward consequences.
>
> Third, first day orders are not a device to change the procedural and substantive rights that the Bankruptcy

---

[5] Doc. #43

2

> Code and Rules have established. In particular, first day orders should provide no substitute for the procedural and substantive protections of the plan confirmation process.
>
> Fourth, no first day order should violate or disregard the substantive rights of parties, in ways not expressly authorized by the Bankruptcy Code.[6]

Accordingly, the relief sought in the motion should be denied or granted only on an interim basis, with a final hearing set so the U.S. Trustee, creditors, and parties in interest with pecuniary interests can review and respond to the final relief sought, preferably after the schedules and statements are filed and the meeting of creditors is held.

*Mast Trucking has not Established that §364(d) Relief is Appropriate*

In its cash collateral motion, Mast Trucking identified the SBA as having a first position security interest in cash collateral.[7] However, the letter of intent proposes that CFI is to be granted a first position security interest in cash collateral. To the extent that the motion seeks a "priming" lien under 11 U.S.C. § 364(d), the Mast Trucking "must show that (1) it was unable to obtain credit without granting such liens and (2) the value of the prepetition lender's lien that will be primed by

---

[6] *See In re The Colad Group, Inc.*, 324 B.R. 208, 213–14 (Bankr. W.D.N.Y. 2005).

[7] Doc. #10 at 2.

3

the DIP lender's lien is adequately protected."[8]  Mast Trucking  has not made the required showing under Section 364(d).  Thus, any request to grant "priming" liens should be denied.

*The Court Should Not Approve a Budget that is Not Attached*

Paragraph D of the proposed order limits Mast Trucking's use of cash collateral to a 13-week operating budget. The operating budget which is not attached to the motion and therefore should not be approved. Further, any budget should provide for payment of statutory fees and the professional fees of any creditor committee counsel.

*The Post-Petition Agreements Can Not Be Approved*

Paragraph 2 of the proposed order authorizes Mast Trucking and CFI to enter into post-petition agreements and approves the agreements "in all respects." These post-petition agreements apparently consist of a factoring and security agreement and a purchase agreement. None of these documents are attached to the motion and therefore it would be impossible for the Court to "approve" them.  The Court should decline to approve these documents.

---

[8] *See In re Sonora Desert Dairy, L.L.C.*, 2015 WL 65301, at *11 (B.A.P. 9th Cir. Jan. 5, 2015).

4

*The Court Should Not Find that CFI has a Valid, Pre-Petition Security Interest without a Challenge Period*

Paragraph (c) of the proposed order includes a proposed finding of fact that CFI holds an unavoidable, duly perfected pre-petition security interest. The Court should allow a challenge period of at least 60 days which should begin to run upon entry of any final order granting this Motion.

*The Court Should Not Make a Good Faith Finding at this Time*

Paragraph G of the proposed order includes a provision that allows CFI the protections of §364(e). Such a finding would all but immunize the DIP financing from appellate review.[9] This sweeping relief should not be granted at the outset of the case, before an Official Committee of Unsecured Creditors has had the opportunity to consider the issue.

## Conclusion

For all the above reasons, the U.S. Trustee requests that the Court deny the motion.

---

[9] *In re Adams Apple, Inc.*, 829 F.2d 1484, 1488-89, 1491 & n.6 (9th Cir. 1987) (dismissing appeal of approval of cross-collateralization clause as moot pursuant to Section 364(e), even though the cross-collateralization clause may have been illegal per se).

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By*: /s/ John Nemecek*
John Nemecek
Trial Attorney
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 N. Main St., Suite 1150
Wichita, KS 67202
202-557-5810
John.Nemecek@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 24, 2026, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: s/John W. Nemecek

6